IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WENDY COLLEY, and CLOVIS COLLEY, | ) ) ) | 8:10CV186 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| U.S. BANK, as Trustee for SASCO 2007 WF1, and WELLS FARGO BANK N.A., | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs filed their Complaint in this matter on May 11, 2010. (Filing No. 1.) Plaintiff Clovis Colley has previously been given leave to proceed in forma pauperis.[1] The court now conducts an initial review of Plaintiffs' claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.   SUMMARY OF COMPLAINT**

Summarized and condensed, Plaintiffs allege that they live in a "primary residence" in Omaha, Nebraska and that they obtained a mortgage on a property in Pottawattamie County, Iowa from Defendants. (Filing No. 1 at CM/ECF pp. 1, 7.) Plaintiffs claim that the mortgage was a "predatory loan" and that Defendants acted fraudulently in making the loan to Plaintiffs. (*Id.*) At some point after Plaintiffs obtained the mortgage, Defendants initiated "collection procedures" and a "foreclosure action" against Plaintiffs in Iowa[2] state court relating to that mortgage.

---

[1] Plaintiff Wendy Colley did not submit a motion for leave to proceed in forma pauperis ("IFP") and did not pay the court's filing fee. (*See* Docket Sheet.) However, for the reasons set forth below, the Complaint is dismissed in its entirety. Thus, the court will not require Plaintiff Wendy Colley to file a motion curing this defect.

[2] Although it is not clear from the face of the Complaint, the court presumes that the state foreclosure action is pending in the State of Iowa. Even if the state foreclosure action is pending in the state of Nebraska,

(*Id.* at CM/ECF p. 1; Filing No. 4 at CM/ECF p. 1.) Plaintiffs seek relief in this court for violations of several federal statutes and request that the court prevent Defendants from foreclosing on Plaintiffs' home pursuant to the proceedings in state court. (Filing No. 1.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

---

the court's decision is the same.

Liberally construed, Plaintiffs request that this court prevent Defendants from foreclosing on their home in accordance with the ongoing proceedings in Iowa state court. (Filing No. 1.) However, to promote comity between state and federal judicial bodies, "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Gray v. Pagano*, 287 F. App'x 155, 157-58 (3d Cir. 2008) (affirming district court's abstention under *Younger* where state-court foreclosure action was pending and "[a]ny relief that could be granted by the district court would directly impact Pennsylvania's interest in protecting the authority of its judicial system"); *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming district court's abstention because all three *Younger* requirements were met).

Plaintiffs' pleadings show that Defendants have initiated foreclosure proceedings against Plaintiffs in Iowa state court. (Filing No. 1 at CM/ECF pp. 2, 25; Filing No. 4 at CM/ECF p. 1.) The state-court action is a parallel, ongoing proceeding[3] which implicates important state interests. In addition, Plaintiffs have not alleged, nor demonstrated, that the ongoing state-court foreclosure proceedings will not provide them with the opportunity to raise the claims and arguments raised in their Complaint. *Plouffe v. Ligon*, No. 08-3996, 2010 WL 2178863, *2 (8th Cir.

---

[3]The record currently before the court is unclear regarding whether a final judgment has been entered in the state-court foreclosure proceedings. Regardless, if the Iowa foreclosure action was final, this court would be barred from exercising jurisdiction over that final state-court judgment because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

3

June 2, 2010) (applying *Younger* and finding abstention warranted where the plaintiff failed to show that the state court proceedings did "not afford him an adequate opportunity to raise his constitutional claims"). Accordingly, the court will abstain from exercising jurisdiction over Plaintiffs' claims. However, the court will dismiss Plaintiffs' Complaint without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. Plaintiffs' Motion for Temporary Restraining Order (filing no. 7) is denied.

DATED this 7th day of June, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.